887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sonya K. CLARK, Plaintiff-Appellant,
v.
Richard P. SEITER; Dorothy Arn, Defendants-Appellees.
 No. 89-3455.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of appellees' motion to dismiss the appeal for reason of frivolity. Appellant has filed a response.
 
 
 3
 The record before the court discloses that on June 4, 1987, appellant, Sonya K. Clark, filed a complaint, no. C-2-87-694, pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Southern District of Ohio. As the basis of her cause of action, she alleged that appellees, Dorothy Arn and Richard P. Seiter, had caused her confinement in the administrative control unit at the Ohio State Reformatory for Women for a period of over three years. In addition to challenging the legality of her assignment to the administrative control unit, appellant also maintained that various aspects of that confinement constituted cruel and unusual punishment in violation of her eighth amendment rights. On April 11, 1989, however, the district court entered a judgment dismissing the complaint. In taking that action the district court did not address the merits of appellant's claims, but instead noted that they were identical to those which she had earlier raised in another cause of action that was still pending before the court, no. C-2-85-1135: Clark v. Seiter. As counsel had been appointed to represent appellant in that prior case, the court directed the consolidation of case no. C-2-87-694 with case no. C-2-85-1135. Contemporaneous to its entry of the order of consolidation, the district court also entered a judgment dismissing case no. C-2-87-694. Appellant then filed a notice of appeal from that judgment.
 
 
 4
 Based upon those facts the court has determined that the appeal should be dismissed for lack of jurisdiction. Specifically, the judgment of dismissal which is the subject of this appeal is not final in nature as it was entered in conjunction with an order consolidating appellant's claims with another case then pending before the district court. Consequently, the judgment of dismissal did not have the effect of extinguishing appellant's claims on the merits so as to constitute a final judgment immediately appealable pursuant to 28 U.S.C. Sec. 1291. Rather, appellant's cause of action has merely been consolidated with another action that was already pending before the district court. Such matters generally can not be the subject of an immediate appeal. In re Master Key Antitrust Litig., 528 F.2d 5, 13 (2d Cir.1975).
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. Moreover, it is ORDERED that appellees' motion to dismiss the appeal for reason of frivolity be and hereby is denied as a motion to affirm prohibited by Rule 8, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation